[Cite as *Fitzgerald v. Fitzgerald*, 2018-Ohio-387.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105474 and 105476**

# DEBORAH D. FITZGERALD

PLAINTIFF-APPELLEE

vs.

# JOHN W. FITZGERALD, III

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-14-352039

**BEFORE:** Laster Mays, J., Stewart, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** February 1, 2018

-i-

**ATTORNEYS FOR APPELLANT**

Joseph G. Stafford
Nicole A. Cruz
Stafford   Co., L.P.A.
55 Erieview Plaza, 5th Floor
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Margaret E. Stanard
Schoonover Rosenthal Thurman & Daray L.L.C.
1001 Lakeside Avenue, Suite 1720
Cleveland, Ohio 44114

John C. Oberholtzer
Oberholtzer & Filous, L.P.A.
39 Public Square, Suite 201
Medina, Ohio 44256

ANITA LASTER MAYS, J.:

**{¶1}** This consolidated appeal arises from the issuance of two amended qualified domestic relations orders ("QDROs") journalized on January 23, 2017. We reverse and remand for further proceedings consistent with this opinion.

## I.     Background and Facts

**{¶2}**   On May 13, 2014, plaintiff-appellee Deborah D. Fitzgerald ("appellee") filed a complaint for divorce against defendant-appellant John W. Fitzgerald ("appellant").   On April 14, 2015, the parties entered into a property settlement agreement ("PSA") resolving all issues except for spousal support and attorney fees that were addressed through hearings by the court.   The PSA also prescribed the terms for the QDROs, granting each spouse the marital portion of the other party's retirement plan. On October 20, 2015, the magistrate issued a decision adopting the PSA and granting the divorce.

**{¶3}**   On April 14, 2015, the parties filed four stipulated QDROs. The stipulated QDROs for appellant's United Airlines and Continental Airlines retirement plans were denied.   On November 13, 2015, the trial court adopted the magistrate's decision and, on December 31, 2015, the trial court issued a nunc pro tunc entry adopting the PSA. On November 29, 2015, appellee submitted two amended QDROs to appellant.

**{¶4}** On December 1, 2015, appellant opposed the amended QDROs, arguing that the terms did not comply with the PSA and the trial court lacked authority under R.C. 3105.171 to amend the terms. Appellant later filed a hearing request.

**{¶5}** On December 3, 2015, appellee filed a notice of submission of the QDROs under Loc.R. 28 of the Court of Common Pleas of Cuyahoga County, Domestic Relations Division. On December 21, 2015, a status call was scheduled for January 19, 2016 on the motion for evidentiary hearing. On December 22, 2015, the status call notice was reissued for the same time and date but before a different judge, and then was subsequently rescheduled for February 16, 2016.

**{¶6}** New counsel entered an appearance for appellee on October 27, 2016. On January 23, 2017, a third judge approved the amended QDROs. The consolidated appeals followed.

## II. Assignments of Error

**{¶7}** Appellant presents two assigned errors:

I. The trial court erred as a matter of law and abused its discretion by issuing the amended QDROs that are inconsistent with the PSA.

II. The trial court erred as a matter of law and abused its discretion by adopting the amended QDROs without a hearing and without addressing appellant's objections.

## III.  Discussion

**{¶8}**  We combine the assigned errors for judicial economy.   Generally, the division or distribution of marital property is not subject to future modification by a court.  A QDRO prescribes the division of retirement and pension accounts.  R.C. 3105.171.  The parties agree that the QDROs do not comply with the PSA of the parties.   Appellant argues that the trial court erred by issuing the QDROs without responding to appellant's objections and without a hearing.   Appellee argues that the QDROs are void because the trial court lacked jurisdiction to issue them.   As a result, appellee posits that the QDROs do not constitute final appealable judgments under R.C. 2505.02 because no substantial rights are affected.

**{¶9}** In *Brownlee v. Brownlee*, 8th Dist. Cuyahoga No. 94494, 2010-Ohio-5602, the appellant appealed the denial of a motion to set aside a QDRO on the grounds that "the order was not consistent with the judgment entry of divorce." *Id.* at ¶ 5.  We determined,

> "A QDRO does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the terms of the divorce decree."   [*Wilson v. Wilson*, 116 Ohio St.3d 268, 878 N.E.2d 16, 2007-Ohio-6056,] at ¶ 16. "Once a division of property is established in the divorce decree that decision 'is not subject to future modification by the court.'  R.C. 3105.171(I)." *Schneider v. Schneider*, 5th Dist. Stark No. 2009CA00090, 2010-Ohio-534, ¶ 9.

*Id*. at ¶ 6.

**{¶10}**  "A QDRO that fails to implement the divorce decree is void" and a "trial court has the inherent power to vacate a void decree."   *Id*. at ¶ 8, citing *Bagley v. Bagley*,

181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469, ¶ 26 (2d Dist.), *Himes v. Himes*, 5th Dist. Tuscarawas No. 2004AP020009, 2004-Ohio-4666, ¶ 20-21; *Doolin v. Doolin*, 123 Ohio App.3d 296, 704 N.E.2d 51 (6th Dist.1999).

**{¶11}** The *Brownlee* dissent opined that the motion to vacate the QDRO was merely an attempt to circumvent the failure to timely appeal. "[T]he reservation of jurisdiction to modify the terms of a division of marital property does not implicate subject matter jurisdiction." *Id.* at ¶ 11, citing *Bagley* at ¶ 44.

**{¶12}** The Second District subsequently shifted its position in *Bagley* and determined that:

> [W]e overrule our holding in *Bagley*, that a QDRO which varies from the division of pension plan benefits ordered in a decree of divorce or dissolution in violation of R.C. 3105.171(I) is void for lack of jurisdiction, and hold that the violation is voidable for error. Being voidable for error, the QDRO is an order subject to appeal for review of the error concerned.

*Pearl v. Pearl*, 2012-Ohio-4752, 980 N.E.2d 1095, ¶ 17 (2d Dist.). This shift supports the *Brownlee* dissent's refusal to wholly jurisdictionalize the issue.

**{¶13}** At the oral argument in this case, counsel expressed frustration with the tension resulting from the requirement to timely appeal an order regarding a QDRO and the reality that it may takes months for a plan administrator to deny a QDRO, requiring further attention by the trial court. It is in recognition of this dichotomy that we elect to shift our position previously expressed in *Brownlee*, noting that *Brownlee* was based on the Second District's *Bagley* decision that was subsequently rejected in *Pearl*.

**{¶14}** We find that the interest of justice is served, and procedural difficulties addressed, by declaring that the issue of the propriety of a QDRO is voidable for error and therefore subject to appeal.[1]  Subject matter jurisdiction is not implicated where a trial court has reserved jurisdiction to "modify the terms of a division of marital property." *Brownlee* at ¶ 11, citing *Bagley*, 181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469, at ¶ 44.  Where simple error does not initially exist, but a plan administrator subsequently rejects a QDRO, the proper vehicle to address the matter is through Civ.R. 60(B).[2]

**{¶15}** In the case before us, the parties agree that the QDROs do not comply with the PSA and the appeals were timely filed.  We find that this court has jurisdiction to entertain the matter as a matter of law.  We vacate the orders and remand the case to the trial court for an evidentiary hearing to review the PSA and determine whether it is inconsistent with the QDROs.  The combined assigned errors are sustained.

## IV.   Conclusion

**{¶16}**  The trial court's order  is reversed, and the case is remanded to the trial court to hold a hearing to entertain the question of whether the QDROs comply with the PSA.

It is ordered that appellee and appellant bear its own costs herein taxed.

---

[1]   We note that the *Brownlee* decision included a concurrence in judgment only and dissent.

[2]   The Civ.R. 60(B) motion posed by the appellant in *Brownlee* "failed to make any argument on the requisite elements of a motion for relief from judgment as set forth in paragraph two of the syllabus to *GTE Automatic Elec. v. ARC Indus.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976)." *Id.* at ¶ 12.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MELODY J. STEWART, P.J., and
MARY J. BOYLE, J., CONCUR